LETTS, Judge,
dissenting:
I dissent.
We would all be naive to suppose that the maze of standard criminal jury instructions required in each case are clear and in this case they were more confusing than usual. So much so that I and my colleagues spent more than a little time sorting them out. What then can we expect of a lay jury?
In the case at bar which resulted in a second degree murder conviction, the jury was initially instructed, as per the standard jury instructions, that the killing of a human being in the heat of passion, by use of a dangerous weapon, is manslaughter.[1] Upon the jury retiring, the state successfully argued to the trial judge that an amended instruction should be given as same had been decided upon in the charge conference. The reinstruction then given said:
However, as I instructed you previously, the law reduces the killing of a person in the heat of passion from first-degree murder to a lower grade of murder or manslaughter out of a recognition of the frailty of human nature of the temporary suspension or overthrow of the reason or judgment of a defendant by the sudden access of passion and because in such a case there is an absence of malice. (Emphasis supplied.)
*777 It is clear to us all that homicide in the heat of passion with a dangerous weapon, is not a lower grade of murder because in such event the crime is no greater than manslaughter.[2]
It is the State’s view and the majority agrees, that because all of the homicides were elsewhere properly defined, including the second degree murder requirement of a depraved mind, the jury instructions “as a whole” were adequate. For myself, I do not believe they were, because at the actual charging of the jury, the judge first read the Florida Standard Jury Instruction which omits any reference to “a lower grade of murder.” As he read on, the judge realized his believed mistake and then reread the instructions including the lower grade of murder language. The error multiplied as it was then discovered that the jury had also been given the incorrect written instruction. A new one was then substituted. The jury obviously was confused by all of this because they came back and asked for reinstruction whereupon the lower grade of murder language was again given for the fourth time.
The end result here was guilty of second degree murder, which I submit was quite possibly arrived at because of the erroneous instruction quoted above.
This cause should be sent back for a new trial.

. See § 782.03.

. See § 782.03 and § 782.07, Fla.Stat. (1977) and Fla.Std. Jury Instr. (Crim.) Excusable Homicide, 67. Nevertheless, it is hard to fault the trial judge for agreeing to this instruction, for the transcript reveals that the court believed it proper under a decision of this very court in Smith v. State, 314 So.2d 226 (Fla. 4th DCA 1975). However, a careful rereading of the Smith case convinces me that a “crime of passion” position ... is not applicable here” (Smith, supra, 232).